UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EMILE P. HENRY II,              )
                               )
        Petitioner,            )
                               )
    v.                         )          No. 4:07CV1835 ERW/FRB
                               )
PAT SMITH,[1]                  )
                               )
        Respondent.            )


**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Missouri state prisoner Emile P. Henry II's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. Having reviewed the case, the undersigned recommends that the petition be dismissed.

**I. Procedural History**

In the underlying criminal cause of action, petitioner was charged with two counts of Robbery First Degree, two counts of Kidnaping, and four counts of Armed Criminal Action. A jury in the Circuit Court of St. Louis County, Missouri, convicted petitioner

_____

[1]Petitioner is currently incarcerated at Potosi Correctional Center (PCC) in Mineral Point, Missouri. Because Troy Steele is Warden at PCC, he should be substituted for Pat Smith as proper party respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

of two counts of Robbery First Degree, and acquitted petitioner on the remaining six counts. On June 18, 2004, petitioner was sentenced to two terms of fifteen years' imprisonment, with such terms to be served consecutively.[2] On April 26, 2005, the Missouri Court of Appeals affirmed petitioner's conviction and sentence. State v. Henry, 165 S.W.3d 498 (Mo. Ct. App. 2005) (order) (per curiam). Mandate issued July 22, 2005. On July 18, 2005, petitioner filed a motion for post-conviction relief, which was denied without a hearing. The Missouri Court of Appeals affirmed the denial of post-conviction relief on December 19, 2006. Henry v. State, 209 S.W.3d 50 (Mo. Ct. App. 2006) (order) (per curiam). Mandate issued January 11, 2007.

Petitioner filed the instant petition for writ of habeas corpus on October 25, 2007. In the petition, petitioner raises three claims for relief:

**Claim 1:** That the trial court erred in overruling petitioner's objection to the prosecutor's closing argument about the Metrolink extension to the Galleria shopping mall bringing more criminals to St. Louis County;

**Claim 2:** That the trial court erred in admitting evidence that petitioner attempted a robbery and flourished his gun at a man in another automobile; and

**Claim 3:** That direct appeal counsel was ineffective for failing to

---

[2]Because petitioner is challenging a sentence to be served in the future, Missouri Attorney General Chris Koster should be added as a proper party respondent to the cause. See Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts.

brief and argue on appeal that the trial court erred in
failing to sustain an objection to the prosecutor's
closing argument which improperly shifted the burden of
proof and highlighted petitioner's failure to testify.

In response, respondent contends that the claims are without merit
and should be denied.

## II.  Exhaustion Analysis

A petitioner must exhaust his state law remedies before
the federal court can grant relief on the merits of his claims in
a habeas petition.  28 U.S.C. § 2254(b)(1); <u>O'Sullivan v. Boerckel</u>,
526 U.S. 838, 842 (1999).  The Court must first examine whether the
federal constitutional dimensions of the petitioner's claims have
been fairly presented to the state court.  <u>Smittie v. Lockhart</u>, 843
F.2d 295, 296 (8th Cir. 1988); <u>see also</u> <u>Boerckel</u>, 526 U.S. at 848.
If not, the petitioner may still meet the exhaustion requirement if
there are no currently available non-futile state remedies by which
he could present his claims to the state court.  <u>Smittie</u>, 843 F.2d
at 296.  When the petitioner's claims are deemed exhausted because
he has no available state court remedy, the federal court still
cannot reach the merits of the claims unless the petitioner
demonstrates adequate cause to excuse his state court default and
actual prejudice resulting from the alleged unconstitutional error,
or that a fundamental miscarriage of justice would occur if the
Court were not to address the claims.  <u>Coleman v. Thompson</u>, 501
U.S. 722 (1991); <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87 (1977);

Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); <u>Stokes v. Armontrout</u>, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).

A review of the record shows petitioner's claims for relief to be exhausted because petitioner raised the claims in state court upon which they were determined on their merits.

### III. Discussion

"In the habeas setting, a federal court is bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." <u>Lomholt v. Iowa</u>, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant habeas relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); <u>see</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. <u>Williams</u>, 529

U.S. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11). Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

In the instant cause, the facts underlying petitioner's conviction were summarized by the Missouri Court of Appeals as follows:

> Brandon Mueller and Matt Cowhey were leaving the Galleria when defendant approached them with a gun and told them to get in Mueller's car. Defendant got into

the vehicle with them and demanded their wallets and cell phones. Defendant directed them to drive to several places, including ATM machines. At one ATM machine, defendant attempted to rob a man, and defendant also attempted to rob a man in a parked car in another location. Ultimately, after instructing them to make numerous other stops, defendant had Mueller and Cowhey drop him off in a neighborhood. Defendant was charged with two counts of robbery in the first degree, four counts of armed criminal action, and two counts of kidnapping. A jury found defendant guilty of two counts of first degree robbery. Defendant filed a motion for judgment of acquittal and alternative motion for new trial, which was denied by the trial court. Defendant was sentenced to fifteen years on each count of robbery in the first degree, to be served consecutively. The present appeal followed.

(Resp. Exh. E, Memo. at 2.)

Inasmuch as petitioner does not rebut these factual findings by clear and convincing evidence, they are presumed to be correct. 28 U.S.C. § 2254(e)(1).

**Claim 1:** Petitioner contends that the trial court erred in failing to sustain his objection to that portion of the prosecutor's closing argument in which the prosecutor stated that the Metrolink extension to the Galleria shopping mall would potentially bring more criminals to St. Louis County. Petitioner raised this claim on direct appeal and, upon review of the claim for plain error, the Missouri Court of Appeals denied relief. (Resp. Exh. E.)

The prosecutor's comments in question are as follows:

[PROSECUTOR]: Think about it. People are going to be watching what happens in this case. Send a message, send

6

a message out there to every criminal.  Now we're getting
Metrolink to come out here.  You know where that comes
from.  We're going to have some criminals coming across
the river.

[DEFENSE COUNSEL]:  Your Honor, this is totally out of
line.

THE COURT:  Objection is overruled.

[PROSECUTOR]:  Send a message out to these people who
want to come out to the Galleria to try and do crimes,
you don't do that here in St. Louis County at the
Galleria.  We shop there.  That is our store.  Find him
guilty of everything.

(Resp. Exh. A-3 at 781.)

Petitioner claims that with these comments, the prosecutor

improperly argued facts not in the record, appealed to the jurors'

fears regarding their personal safety, and infused improper racial

overtones into the case.

As an initial matter, the undersigned notes that the

Missouri Court of Appeals reviewed the instant claim for plain

error inasmuch as petitioner failed to make a specific objection to

the argument.  (Resp. Exh. E, Memo. at 3.)  In <u>Hornbuckle v.</u>

<u>Groose</u>, 106 F.3d 253, 257 (8th Cir. 1997), the Eighth Circuit

recognized that a decisional split within the circuit allows the

Court to choose whether to review for plain error a claim reviewed

by the state court only for plain error or whether to determine

such limited state court review not to cure an otherwise

procedurally defaulted claim.  In <u>Burns v. Gammon</u>, 173 F.3d 1089

(8th Cir. 1999), the Eighth Circuit suggested that, in such

circumstances, the federal habeas court undertake the same review as the state court in determining a petitioner's claim:

> We think we should do what the state court did: give the point plain-error review. In this way, we are not encroaching at all on the authority of the state courts; we are fully respecting their procedural rule; and we are giving the argument the same degree of attention that the state courts gave it.

Id. at 1095.

See also Thomas v. Bowersox, 208 F.3d 699, 701 (8th Cir. 2000) (addressed merits of claim for plain error inasmuch as state court plain error review did not preclude federal consideration). In Shelton v. Purkett, however, the Eighth Circuit recently stated that, assuming there to be no procedural default when the state court conducts plain error review, "the AEDPA mandates a deferential review of a state court decision. We may not simply conduct our own plain error review de novo." 563 F.3d 404, 408 (8th Cir. 2009) (internal citation omitted). In accordance with Shelton, therefore, the undersigned determines to review petitioner's instant claims under the AEDPA's deferential standard of review rather than for plain error.

At the time petitioner's conviction became final, the law was clearly established that in determining whether a prosecutor's comments made during closing argument violated a defendant's due process rights, the pertinent inquiry is "whether the prosecutors' comments 'so infected the trial with unfairness as to make the

resulting conviction a denial of due process.'" <u>Darden v.</u>
<u>Wainwright</u>, 477 U.S. 168, 181 (1986) (quoting <u>Donnelly v.</u>
<u>DeChristoforo</u>, 416 U.S. 637, 643 (1974)). The test applied to
determine whether error makes a trial fundamentally unfair is
whether there is a reasonable probability that the verdict might
have been different had the error not occurred. <u>Lisenba v.</u>
<u>California</u>, 314 U.S. 219, 236 (1941); <u>Hamilton v. Nix</u>, 809 F.2d
463, 470 (8th Cir. 1987).

Here, the Missouri Court of Appeals found that the
prosecutor's argument was indeed improper because of its "racial
and socioeconomic overtones" (Resp. Exh. E, Memo. at 4); however,
the court nevertheless determined that there was no reasonable
probability that, had the argument been excluded, petitioner would
have been acquitted of the two counts of Robbery First Degree. <u>Id.</u>
In making this determination, the court of appeals specifically
noted that the jury returned verdicts of *not guilty* on four counts
of Armed Criminal Action and two counts of Kidnaping, which, the
court of appeals found, "serve[d] as an indication that any
potential prejudice injected by the prosecutor's comments did not
inflame the jury." <u>Id.</u> The court of appeals also noted the
challenged comments to be isolated and, further, that there was
substantial evidence to support the petitioner's guilt of the two
counts of Robbery First Degree of which he was convicted. <u>Id.</u>
Finally, to the extent petitioner contends that the prosecutor

argued evidence not in the record, the undersigned notes that in its instructions to the jury, the trial court specifically instructed that closing arguments were not evidence and that the jury was to be governed by the evidence as they remembered it. (Resp. Exh. B at 60.)

In view of the trial court's instructions and the strength of the State's case, it cannot be said that the verdict would have been different if the prosecutor had not made these isolated remarks. Kellogg v. Skon, 176 F.3d 447, 451-52 (8th Cir. 1999); see also Griffin v. Delo, 33 F.3d 895, 906 (8th Cir. 1994); United States v. Skarda, 845 F.2d 1508, 1511 (8th Cir. 1988) (in totality of circumstances, improper remark amounted to "only an insignificant blemish"). Indeed, as noted by the court of appeals, petitioner was acquitted of six of the eight counts with which he was charged. See Sublett v. Dormire, 217 F.3d 598, 601 (8th Cir. 2000) (jury has common sense ability to put aside overzealous advocacy with help of court's instruction that arguments are not evidence). In light of the above, and giving due deference to the state court's determination on this claim, petitioner has failed to demonstrate that the challenged statements influenced the jury such that a reasonable probability exists that the verdict might have been different had the alleged error not been made. See Donnelly, 416 U.S. at 643-45.

Accordingly, the state court's determination to deny

10

relief on petitioner's claim that the trial court erred in overruling his objection to the prosecutor's comments in closing argument was neither contrary to nor involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Neither has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner's claim raised in Ground 1 of the instant petition should therefore be denied. 28 U.S.C. § 2254(d).

**Claim 2:** In his second ground for relief, petitioner argues that the trial court erred in admitting evidence that he attempted a robbery and flourished his gun at a man in another automobile. Petitioner contends that the evidence of the uncharged misconduct was not legally relevant in showing that he committed two counts of Robbery First Degree. Petitioner raised this claim on direct appeal and, upon review of the claim for plain error, the Missouri Court of Appeals denied relief. (Resp. Exh. E.)

At the time petitioner's conviction became final, the law was clearly established that the determination as to the admission of evidence under state law violates the Due Process Clause of the Fourteenth Amendment only if such determination fatally infects the trial so as to render the trial fundamentally unfair. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Lisenba, 314 U.S. at 236. It

is not the province of the federal courts to re-examine state court determinations on matters of state law. <u>Estelle</u>, 502 U.S. at 67-68. Thus, this Court need not determine whether the evidence at issue was properly admitted, but whether, upon review of the entire trial process, such evidentiary ruling violated petitioner's constitutional rights. <u>Id.</u>; <u>McCafferty v. Leapley</u>, 944 F.2d 445, 453 (8th Cir. 1991). For an alleged evidentiary error to have violated petitioner's constitutional rights, petitioner "must show a reasonable probability that the error affected the trial's outcome," <u>Richardson v. Bowersox</u>, 188 F.3d 973, 980 (1999) (internal quotation marks and citations omitted), that is, whether there is a reasonable probability that the verdict might have been different had the error not occurred. <u>Harris v. Bowersox</u>, 184 F.3d 744, 752 (8th Cir. 1999); <u>Hamilton v. Nix</u>, 809 F.2d 463, 470 (8th Cir. 1987). The federal court must find more than trial error or even plain error to warrant habeas relief on the basis of evidentiary questions. <u>McCafferty</u>, 944 F.2d at 452.

Under Missouri law, the general rule is that evidence of uncharged crimes is inadmissible for the purpose of showing the propensity of the defendant to commit the crime charged. <u>Harris</u>, 184 F.3d at 752. An exception to this general rule exists, however, "for evidence of uncharged crimes that are part of the circumstances or the sequence of events surrounding the offense charged in order to present a complete and coherent picture of the

events that transpired." Id. (internal quotation marks and citation omitted); State v. Naasz, 142 S.W.3d 869, 878 (Mo. Ct. App. 2004). "This standard for admissibility is the same as that used in the federal courts and is in accord with Supreme Court precedent." Osborne v. Purkett, 411 F.3d 911, 917 (8th Cir. 2005). Indeed, in United States v. Van Chase, 137 F.3d 579 (8th Cir. 1998), the Eighth Circuit found in similar circumstances that the portion of the conduct which goes uncharged is admissible to show the context of the charged crimes. Id. at 582. Simply because the uncharged conduct is criminal in its own right does not remove it as an integral part of the whole story. Id.

In the instant cause, the Missouri Court of Appeals articulated the standard set out above and determined that the evidence of petitioner's attempted robbery and flourishing of his gun at a man in another automobile squarely fell within this exception:

> In the present case, the evidence of defendant's attempted robbery of a man at the ATM was part of the sequence of events surrounding the charges for which he was being tried. The testimony of Mueller and Cowhey was that defendant abducted them in a vehicle at gunpoint and forced them to drive several different places. As part of this series of events, Mueller and Cowhey were instructed to drive to an ATM where defendant attempted to rob a man. This evidence helped present a complete picture to the jury of the occurrences for which defendant was being charged.

(Resp. Exh. E, Memo. at 5-6.)

The Information in the instant cause charged petitioner with, *inter alia*, two counts of kidnaping and alleged that such kidnapings were for the purpose of "facilitating the commission of the felony of robbery in the first degree of unknown persons at ATM machines." (Resp. Exh. B at 9.) The evidence petitioner now challenges of his approaching a man at an ATM and flourishing a gun at him was therefore admissible to show the sequence of events surrounding the crimes for which petitioner was being tried.

Nevertheless, petitioner has failed to show that if such evidence had been excluded, a reasonable probability exists that he would not have been convicted of Robbery First Degree in relation to victims Mueller and Cowhey. A review of the trial in its entirety shows evidence to have been adduced that petitioner approached Mueller and Cowhey near Mueller's car in the parking garage at the Galleria shopping mall, pointed a gun at Cowhey, and ordered both men into the car. Petitioner ordered Mueller and Cowhey to give him their wallets, money and cell phones, and they complied. When petitioner stated that there was not enough money in the wallets, Cowhey drove to Mueller's bank where Mueller withdrew $50.00 from an ATM and gave it to the petitioner. Petitioner continued to be dissatisfied with the amount of money, and Cowhey drove to his house from where he obtained $80.00 and gave it to petitioner. On each occasion of going to get more money, petitioner stayed in the car with either Mueller or Cowhey

14

and advised the other that if they told anyone what was transpiring, he would shoot the one who had remained in the vehicle. This evidence demonstrates that all of the elements necessary to prove the crime of Robbery First Degree were met irrespective of the admission of evidence of petitioner's uncharged conduct.[3] See Harris, 184 F.3d at 755. Accordingly, petitioner's claim that the admission of evidence of uncharged conduct violated his right to due process should be denied.

Based on the above, the state court's decision denying petitioner relief is well based on law and fact. This Court is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has petitioner demonstrated such. Therefore, it cannot be said that the state court's adjudication of the instant claim "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. § 2254(d)(1). Neither has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the

---

[3]Pursuant to Mo. Rev. Stat. § 569.020.1,

A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he . . . (1) Causes serious physical injury to any person; or (2) Is armed with a deadly weapon; or (3) Uses or threatens the immediate use of a dangerous instrument against any person; or (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the claim raised in Ground 2 of the petition should be denied. 28 U.S.C. § 2254(d).

**Claim 3:** In his third ground for relief, petitioner contends that counsel was ineffective on direct appeal for failing to brief and argue that the trial court erred in overruling objections to the prosecutor's closing argument. Petitioner argues that the prosecutor's comments in question improperly shifted the burden of proof and highlighted the fact that he did not testify. Petitioner raised this claim in his motion for post-conviction relief and on appeal of the denial of the claim. Upon review of the claim for plain error, the Missouri Court of Appeals denied petitioner relief. (Resp. Exh. I.)

Petitioner challenges the following comments made by the prosecutor during closing argument: "In fact, there's no doubt about anything that the State put on here because everybody that we put on, every single witness we put on is uncontroverted. Matt and Brandon both said he took them at gunpoint. He took their stuff at gunpoint." (Resp. Exh. A-3 at 757.) Petitioner also challenges the following comments made by the prosecutor during his rebuttal argument:

> Where is any evidence to support what [defense counsel] was just saying? There's nothing. There's not a shred of evidence to support what she was saying. Everything she said up here was, why this, why that. It doesn't make sense. You know, these instructions here,

they are - - these are my copies.  None of that stuff
she's saying, why this or why that or why didn't this,
why didn't that, it doesn't make sense, none of that is
part of the law of this case.  And that is what you do
when you don't have anything on your side; you throw as
much up against the wall as you can.

. . .

That is what you do.  Why this.  And maybe one of
you will pick up on it.  Maybe you'll hang the rest of
them.    That's what you do when you don't have any
evidence.  This is one of those cases.

This man had a gun.  He followed those two guys
through the mall out to the car.  You saw it on the
videotape.  He wasn't with them.  And if these guys were
out looking for marijuana, wouldn't they be chasing him
saying, hey brother, you know where we can get some weed.
No, they are going first.  Come on.  Use your common
sense.  It says you can in here.  All that stuff she was
talking about, not one shred of evidence to support it.
Nothing.

Why did he kidnap two people?  Why didn't he just
take the car? Well, then they would know what car to look
for.  He wouldn't be able to get away with any robberies.

(Resp. Exh. A-3 at 777-78.)

Defense counsel's objections to the prosecutor's comments were

overruled by the trial court.  (<u>Id.</u> at 777.)  On direct appeal, no

claim was raised regarding these comments.  (<u>See</u> Resp. Exh. C.)

At the time petitioner's conviction became final, the law

was clearly established that the Sixth Amendment guarantees a

criminal defendant the right to effective assistance of counsel,

including effective assistance on direct appeal.  <u>Strickland v.</u>

<u>Washington</u>, 466 U.S. 668, 686 (1984); <u>Evitts v. Lucey</u>, 469 U.S.

387, 396-97 (1985).    When evaluating claims of ineffective

assistance of direct appeal counsel, the Court must apply the
Strickland standard of review. Pfau v. Ault, 409 F.3d 933, 939
(8th Cir. 2005). As such, petitioner must show that counsel's
representation fell below an "objective standard of reasonableness"
and that petitioner was prejudiced as a result. Strickland, 466
U.S. at 687-88, 694. To demonstrate prejudice on account of
counsel's failure to raise a claim on appeal, petitioner must show
a "reasonable probability that an appeal of [the] issue would have
been successful and that the result of the appeal would thereby
have been different." Pryor v. Norris, 103 F.3d 710, 714 (8th Cir.
1997); see also Pfau, 409 F.3d at 939-40 (petitioner must show that
but for appellate counsel's error, he would have prevailed on
appeal).

In reviewing petitioner's claim of ineffective assistance
of direct appeal counsel for counsel's failure to challenge the
trial court's determination to overrule petitioner's objections
made during this portion of the State's closing argument, the court
of appeals examined the underlying claim and determined the
prosecutor's challenged comments not to be improper, and thus that
appellate counsel was not ineffective in failing to raise this non-
meritorious issue on appeal. The court of appeals determined that
the prosecutor did not improperly shift the burden of proof to
petitioner nor refer to petitioner's failure to testify:

[W]e note the prosecutor was commenting on how the

18

evidence presented did not support defense counsel's
points raised during closing argument. Moreover, the
jury was instructed properly with respect to the burden
of proof. Further, we find the prosecutor made no
indirect reference to Movant's failure to testify by
asserting the State's evidence was uncontroverted. A
prosecutor is permitted to argue evidence is
uncontroverted or uncontradicted. <u>State v. Barnum</u>, 14
S.W.3d 587, 592 (Mo. banc 2000). Therefore, the
admission of these comments did not result in error[.] .
. . [A]ppellate counsel cannot be said to be ineffective
for failing to raise an unpreserved, nonmeritorious claim
on appeal.

(Resp. Exh. I, Memo. at 5.)

As noted by the Missouri Court of Appeals, counsel cannot
be said to be ineffective in failing to pursue a matter upon which
there is no reasonable likelihood of success. <u>See</u> <u>Smith v.
Armontrout</u>, 888 F.2d 530, 545 (8th Cir. 1989) (counsel not
ineffective in failing to pursue a matter upon which there is no
reasonable likelihood of success); <u>see also</u> <u>Burton v. Dormire</u>, 295
F.3d 839, 846 (8th Cir. 2002) (cannot fault counsel for failing to
raise issue if no relief could possibly have been obtained);
<u>Blankenship v. United States</u>, 159 F.3d 336, 338 (8th Cir. 1998) (no
prejudice from counsel's failure to pursue non-meritorious issue);
<u>Grubbs v. Delo</u>, 948 F.2d 1459, 1464 (8th Cir. 1991); <u>Meyer v.
Sargent</u>, 854 F.2d 1110, 1115-16 (8th Cir. 1988). As such, the
decision of the state court that counsel's failure to raise a non-
meritorious issue on direct appeal did not constitute ineffective
assistance was neither contrary to nor an unreasonable application
of clearly established federal law. Nor has petitioner shown that

the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Accordingly, the claim raised in Ground 3 of the instant petition should be denied. 28 U.S.C. § 2254(d).

## IV. Conclusion

The state courts' rulings on petitioner's grounds for relief were neither contrary to nor an unreasonable application of federal law as established by the Supreme Court. Nor has petitioner shown that the state courts' determinations resulted in decisions that were based on unreasonable determinations of the facts in light of the evidence presented in the state court proceedings. As a result, petitioner is not entitled to federal habeas relief. Additionally, because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability should not issue in the cause.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that PCC Warden Troy Steele be substituted for Pat Smith as proper party respondent to the cause.

**IT IS FURTHER RECOMMENDED** that Missouri Attorney General Chris Koster be added as proper party respondent to the cause.

**IT IS FURTHER RECOMMENDED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be

dismissed without further proceedings.

IT IS FURTHER RECOMMENDED that no certificate of appealability issue in the cause. 28 U.S.C. § 2253.

The parties are advised that any written objections to this Report and Recommendation shall be filed not later than **December 7, 2010.** Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990) (per curiam).


_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE


Dated this  _23rd_  day of November, 2010.